(No. 75-CV-30—

DALBERT STEELE, a minor by RUTH STEELE, his mother and next friend, on behalf of ANREW STEELE, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1975.*
*Amended opinion filed January 27, 1975.*

SOL A. GAYLE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal homicide on April 11, 1974, at 8143 South Kingston, Chicago, Illinois. Dalbert Steele, the son of the victim, a minor, by Ruth Steele, his mother and next friend, seeks compensation pursuant to the "Crime Victims Compensation Act" (hereafter referred to as the "Act"), *Ill. Rev. Stat.*, 1973, Ch. 70. Sec. 71 et. seq.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant is the son of a victim of a

violent crime covered under *Ill. Rev. Stat.*, Ch. 70, Sec. 72, to wit:

"Murder, *Ill. Rev. Stat.*, 1973, Ch. 38, Sec. 9-1"

2. That said crime occurred at approximately 1:00 p.m. on April 11, 1974, at 8143 South Kingston Avenue, Chicago, Illinois, at which time the victim died of gunshot wounds.

3. That the crime was reported to the Chicago Police Department promptly by William Williams, of 7021 South Woodlawn, Chicago, Illinois, and that the claimant has cooperated fully with law enforcement officials, but that no arrests have been made as a result of the crime.

4. That there is no evidence that the victim was a relative or member of the same household of the assailant.

5. That the death of the victim is not attributable either to his wrongful act or substantial provocation on his part.

6. That the Claimant suffered damages in excess of $200 compensable by Sec. 74 of the Act to wit:

Loss of child support payments of $20.00 per week from April 11, 1974, the date of the victim's death to December 27, 1975, the date he reaches his majority, a total of 89 weeks. This being pursuant to Court Order 66-D-18624, entered on May 16, 1972, by Judge David Linn in the Circuit Court of Cook County, ordering the victim, Andrew Steele, to pay $20.00 per week to Ruth Steele, the mother of the Claimant, for the support of the Claimant, her minor son, until he reaches his majority.

89 weeks at $20.00 per week equals .................... $1,780.00

7. That no insurance claims or death benefits, other than monthly social security of $147.00 were paid to the claimant as a result of the victims death.

8. That $200 shall be deducted pursuant to
Sec. 7 (d) of the Act.                                    $  200.00

TOTAL ...................................... $1,580.00

IT IS HEREBY ORDERED that pursuant to the Court Order in paragraph 6, that the sum of $1,580.00 (ONE THOUSAND FIVE HUNDRED AND EIGHTY DOLLARS) be awarded to Ruth Steele, for the use, benefit and support of her minor son Dalbert, the son of an innocent victim of a violent crime.

A detailed summary of the facts and information considered by the Court is contained in an Investigative Report prepared by the Attorney General. A copy of said report remains in the Court's file in this matter, and the facts as reported therein are incorporated in this Opinion by reference.

## AMENDED OPINION
## and
## SUPPLEMENTARY ORDER

This Court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$1,580.00. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the Court on its own motion orders herewith an immediate partial payment up to the limit which this Court is legally authorized to order paid in such claims from the Court of Claims Fund.

728

Accordingly, the Court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $580.01 be referred forthwith to the General Assembly for its approval.